IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSH HOOTER<br>INDIVIDUALLY AND ON BEHALF<br>OF ALL OTHERS SIMILARLY<br>SITUATED | § § § § § § § § § § § § § § § | |
| | | CIVIL ACTION NO. 2:17-cv-350 |
| | | COLLECTIVE ACTION UNDER<br>42 U.S.C. §216(b) |
| VS. | | JURY DEMANDED |
| GUICE ENGINEERING, INC.<br>D/B/A GEI WELDING | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1.  Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, Guice Engineering, Inc. d/b/a GEI Welding (Hereinafter "GEI Welding") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Defendant misclassified these workers as independent contractors and failed to pay them overtime compensation as required by the FLSA.

2.  GEI Welding suffered or permitted these workers to work more than 40 hours in a work week, but did not pay them overtime wages. Instead, Defendant paid these workers a straight hourly rate with no federal withholding, social security or Medicare taxes withheld.

3.  Defendants' failure to pay overtime to these workers violates the FLSA. 29 U.S.C. § 207(a).

4. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

5. Plaintiff, Josh Hooter ("Hooter"), is a resident of Arp, Rusk County, Texas. The Plaintiff brings this action individually on his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, Guice Engineering, Inc. is a Texas corporation doing business in the Eastern District of Texas with its principal place of business at 2105 East State Highway 31, Kilgore, Gregg County, Texas 75662. Defendant may be served by delivering a copy of this complaint to its registered agent for service, Walter L. Guice at 3991 Bill Owens Parkway, Longview, Texas 75605.

## JURISDICTION AND VENUE

6. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation in Lindale, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

7. Plaintiff was a welder employed at GEI Welding in Kilgore, Texas located at 2105 East State Highway 31, Kilgore, Gregg County, Texas 75662. His job at GEI Welding was as a welder fabricating oil field equipment under the direct supervision of employees of GEI Welding. All work performed by Plaintiff and the putative class members was performed at the GEI Welding

yard in Kilgore, Texas. While Plaintiff and the putative class members brought their own welding equipment to the GEI Welding yard, their services were merged into GEI Welding's overall operation. Plaintiff and the putative class members were hired to perform the work personally and were not able to assign another to do the job in his place. Plaintiff and the putative class members worked on the schedule set by GEI Welding and they performed the work in the order or sequence set by GEI Welding. As stated, Plaintiff and the putative class members were paid an hourly rate for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

8. Plaintiff and the putative class members did not realize a profit or loss in the business, rather, they were paid for services rendered. Plaintiff and the putative class members solely worked for GEI Welding during the time of their employment and did not offer their services to the public. Plaintiff and the putative class members were subject to termination by Defendant at any time and were able to quit at any time without liability on their part.

9. GEI Welding provided all plans and specifications for the welding projects, gave specific instructions on when, where and how the work was to be performed, including the manner of fabrication of the equipment and the details of Plaintiff's work.

10. GEI Welding's website promotes its services as follows:

> **GEI Welding is a full-service fabrication shop! We can design your next project and then build it for you. Our employees have more than 40 years of combined experience with welding procedures and steel fabrication work. We build base beams, catwalks, BOP trolleys, pipe racks, mud tanks, equipment skids, flow back trailers, rig rebuilds, sub rebuilds and manifold stands. We construct new equipment and we perform rebuilds and repairs. GEI can also do onsite rig repair! There is no job too big or small.**
>
> **We are capable of helping you through your initial design phase and we will troubleshoot difficult issues. We create working blueprints and welding procedures for various fabrication projects. From those blueprints, GEI Welding will manufacture equipment and structures in a timely and professional manner.**

Clearly, Defendant paid Plaintiff and the putative class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed.

11. Plaintiff worked between 60 and 70 hours per week. Plaintiff was not paid overtime wages; however, the work he did for GEI Welding was not exempt as defined under 29 CFR part 451. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

12. Plaintiff believes and, therefore, allege that the failure of GEI Welding to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

13. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

14. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Hooter brings this action in his individual capacity and as a collective action. Hooter seeks this court's appointment and\or designation as representative of a class of similarly situated employees of GEI Welding who were not paid for all

overtime hours worked as described herein. In fact, two other class members have executed consents to join the case. On information and belief, there are numerous welders who were not paid for all overtime hours worked for GEI Welding as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of GEI Welding' safety supervisors

15. Hooter specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

16. Plaintiff, individually and as a representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified and that the Plaintiff and each member of the class recover from GEI Welding the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF